# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT TAYLOR,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOEL A. JOHNSON; CANDACE BEEN; DR. AUHL; MR. MOYA; MR. C. YODER; DHS/ICE EL CENTRO DETENTION CENTER DEP'T,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　12cv2185 GPC (PCL)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

On September 5, 2012, Dwight Boyd Taylor ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1) Plaintiff did not prepay $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On October 16, 2012, District Judge Irma E. Gonzalez granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief may be granted. (ECF No. 3.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 6-7.) On October 22, 2012, this matter was transferred to the docket of United States District Judge Gonzalo P. Curiel. (ECF No. 4.)

Currently pending before this Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 5.)

## I.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

**A.    Bivens Action**

The Court notes that while Plaintiff again purportedly brings this action under § 1983, the Court will liberally construe his claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by a federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was

committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355. Here, Plaintiff seeks to sue the "El Centro Processing Center" which is not permitted in a *Bivens* matter for the reasons set forth above. In addition, Plaintiff seeks to hold all the Defendants liable in their official capacity only, which once again, is not authorized in a *Bivens* action. *Id.* Thus, the entire action must be dismissed on these grounds as Plaintiff does not name any of the Defendants in their individual capacities.

### B.     Eighth Amendment claims

Plaintiff alleges that he received inadequate medical care while he was housed at the El Centro Detention Center. (*See* FAC at 6.) To the extent that Plaintiff is seeking money damages for alleged inadequate health care against federal employees, the Court finds that he has failed to state a claim. It appears as though Plaintiff is a detainee at the time the claims found in his First Amended Complaint arose. Thus, the Eighth Amendment may not apply to him. *Bell v Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [petitioner] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

Rather, if Plaintiff was a detainee at the time his claims arose, his conditions of confinement claims must be analyzed under "the more protective" substantive due process standard. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Wolfish*, 441 U.S. at 538-39 ("Absent a showing of an express intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'") (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). However, "the due process clause imposes, *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in custody ha(ve) the established right not to have officials remain deliberately indifferent'" to their needs. *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). The Court will therefore look to Eighth Amendment standards to determine the minimum level of protection afforded Plaintiff.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects

an individual's daily activities." *Id*. at 1059-60.  By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical need, he must also allege that each Defendant's response to his need was deliberately indifferent. *Farmer*, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care.  *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that an inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's First Amended Complaint is far from clear but it appears that he is alleging that Defendants failed to provide him with a "shower chair" which he claims he needed for his disabilities. (*See* FAC at 4.)  As a result, on June 24, 2012, Plaintiff fell in the shower and hurt his knee. (*Id.*)  It is not clear which Defendant that Plaintiff is claiming refused to provide him with a shower chair nor is it clear that Plaintiff ever sought to use a shower chair prior to his fall. The facts as Plaintiff alleges shows that he received medical treatment, was sent to an outside hospital for an MRI and was treated in the Detention Center's infirmary. (*Id.*)  There are insufficient facts from which the Court could find that any of the named Defendants were deliberately indifferent to a serious medical need.

To the extent that Plaintiff is attempting to state a failure to protect claim, again he must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834.  Here, the First Amended Complaint is devoid of facts that would

demonstrate that any of the named Defendants knew of any excessive risk to Plaintiff's health or safety.

As the Court previously informed Plaintiff, he fails to allege facts sufficient to show that many of the Defendants were personally aware of his medical claims or needs. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). Here, there are no facts from which this Court could find any personal liability claim as to any of the named Defendants. Thus, the Court dismisses Plaintiff's Eighth Amendment claims for failing to state a claim upon which relief can be granted.

## II.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

2. The Clerk of Court shall mail Plaintiff a court approved civil rights form complaint.

DATED: March 12, 2013

HON. GONZALO P. CURIEL
United States District Judge