1

2

3

4

5

6

7

8  # UNITED STATES DISTRICT COURT

9  # SOUTHERN DISTRICT OF CALIFORNIA

10

11  DWIGHT TAYLOR,                          Civil No.      12cv2185 GPC (PCL)

12                          Plaintiff,       **ORDER SUA SPONTE DISMISSING**
                                             **SECOND AMENDED COMPLAINT**
13            vs.                            **FOR FAILING TO STATE A CLAIM**
                                             **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
14  JOEL A. JOHNSON; CANDACE BEEN;
    DR. AUHL; MR. MOYA; MR. C. YODER;
15  DHS/ICE EL CENTRO DETENTION
    CENTER DEP'T,
16
                            Defendants.
17

18        On September 5, 2012, Dwight Boyd Taylor ("Plaintiff"), currently detained at the San

19  Diego Correctional Facility located in San Diego, California, and proceeding pro se, filed this

20  civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1)  Plaintiff did not prepay $350

21  filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma*

22  *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).  On October 16, 2012, District

23  Judge Irma E. Gonzalez granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed

24  his Complaint for failing to state a claim upon which relief may be granted. (ECF No. 3.)

25  Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of

26  pleading identified in the Court's Order.  (*Id.* at 6-7.)  On October 22, 2012, this matter was

27  transferred to the docket of United States District Judge Gonzalo P. Curiel.  (ECF No. 4.)

28  Plaintiff filed his First Amended Complaint ("FAC") which was also sua sponte dismissed by

1   the Court for failing to state a claim upon which relief could be granted.  (ECF No. 6.)  Plaintiff

2   has now filed his Second Amended Complaint ("SAC").  (ECF No. 7.)

3       In the Court's previous Orders, Plaintiff was cautioned that any Defendants not named

4   and any claims not re-alleged in his Amended Complaint would be considered waived.  (ECF

5   No. 6 at 6 citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  In Plaintiff's Second

6   Amended Complaint, he no longer names Defendants DHS/ICE El Centro Detention Center or

7   El Centro Processing Center.   Thus, these Defendants are DISMISSED from this action.

**I.**

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

10      Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the

11  Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon

12  which relief may be granted, or seek monetary relief from a defendant immune from such relief."

13  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

14  (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*

15  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits,

16  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

17  claim.").  "[W]hen determining whether a complaint states a claim, a court must accept as true

18  all allegations of material fact and must construe those facts in the light most favorable to the

19  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

20  152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

21  Civil Procedure 12(b)(6).").

22      The Court notes that while Plaintiff again purportedly brings this action under § 1983, the

23  Court will liberally construe his claims to arise under *Bivens v. Six Unknown Named Fed.*

24  *Narcotics Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by

25  a federal actors.  *Bivens* established that "compensable injury to a constitutionally protected

26  interest [by federal officials alleged to have acted under color of federal law] could be vindicated

27  by a suit for damages invoking the general federal question jurisdiction of the federal courts

28  [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under

1   § 1983 and those under *Bivens* are identical save for the replacement of a state actor under

2   § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

3          To state a private cause of action under *Bivens*, Plaintiff must allege:  (1) that a right

4   secured by the Constitution of the United States was violated, and (2) that the violation was

5   committed by a federal actor.  *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624

6   (9th Cir. 1988).  *Bivens* provides that "federal courts have the inherent authority to award

7   damages against federal officials to compensate plaintiffs for violations of their constitutional

8   rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

9   However, a *Bivens* action may only be brought against the responsible federal official in his or

10  her individual capacity.  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).  *Bivens*

11  does not authorize a suit against the government or its agencies for monetary relief.  *FDIC v.*

12  *Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988);

13  *Daly- Murphy*, 837 F.2d at 355.

14          Plaintiff's Second Amended Complaint, while far from clear, appears to allege that

15  Defendants failed to provide him with adequate medical care while he was housed at the El

16  Centro Processing Center in violation of his Eighth Amendment rights.  (SAC at 3-5.)  It appears

17  as though Plaintiff is a detainee at the time the claims found in his Second Amended Complaint

18  arose.   Thus, the Eighth Amendment may not apply to him.  *Bell v Wolfish*, 441 U.S. 520, 535

19  n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with

20  the constitutional guarantees traditionally associated with criminal prosecutions. . . . [and] the

21  State does not acquire the power to punish with which the Eighth Amendment is concerned until

22  after it has secured a formal adjudication of guilt in accordance with due process of law.");

23  *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [petitioner] had

24  not been convicted of a crime, but had only been arrested, his rights derive from the due process

25  clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

26  / / /

27  / / /

28  / / /

Rather, if Plaintiff was a detainee at the time his claims arose, his conditions of confinement claims must be analyzed under "the more protective" substantive due process standard. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Wolfish*, 441 U.S. at 538-39 ("Absent a showing of an express intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'") (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). However, "the due process clause imposes, *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in custody ha(ve) the established right not to have officials remain deliberately indifferent'" to their needs. *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). The Court will therefore look to Eighth Amendment standards to determine the minimum level of protection afforded Plaintiff.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects

1    an individual's daily activities." *Id*. at 1059-60.  By establishing the existence of a serious
2    medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment
3    violation.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

4         Even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical
5    need, he must also allege that each Defendant's response to his need was deliberately indifferent.
6    *Farmer*, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials
7    deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may
8    be shown by the way in which prison medical officials provide necessary care.  *Hutchinson v.*
9    *United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that an inmate's civil
10   rights have been abridged with regard to medical care, however, "the indifference to his medical
11   needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not
12   support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
13   1980) (citing *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th
14   Cir. 2004).

15        While Plaintiff's Second Amended Complaint is not entirely clear, the facts Plaintiff
16   alleges are insufficient to find deliberate indifference on the part of any named Defendant.
17   Plaintiff claims that he fell in the shower and injured his knee on June 24, 2012.  (SAC at 3.)
18   Following this incident, Plaintiff informs the Court that he was examined by Defendant Johnson,
19   who referred Plaintiff to an outside hospital where he received further medical treatment,
20   including an MRI of his knee.  (*Id.*)  The only allegations against Defendant Been relate to
21   Plaintiff's allegations that Defendant Been, a medical provider, reassigned Plaintiff to be housed
22   in general population without first reviewing the results of Plaintiff's MRI. (*Id.*)  Plaintiff's own
23   allegations demonstrate that he received treatment and medication following his injury.  There
24   are simply no factual allegations that any of the named Defendants were deliberately indifferent
25   to his serious medical need and thus, Plaintiff's claims of inadequate medical care must be
26   dismissed for failing to state a claim.

27   / / /
28   / / /

1   Plaintiff also alleges that Defendants failed to protect him from harm when he fell in the

2   shower and injured his knee.  (*See* SAC at 3.)     In order to  state a failure to protect claim,

3   Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that

4   they were aware of, but nevertheless consciously disregarded an excessive risk to his health or

5   safety.  *Farmer*, 511 U.S. at 834.   If the official is not alleged to have actual knowledge of a

6   serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn

7   that a substantial risk of serious harm exists, the plaintiff must further allege that the official

8   "also dr[ew] the inference."  *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

9   Here, while Plaintiff identifies the lack of proper supports in the shower as a risk to his

10   safety, he fails to adequately allege with any specificity how the *individual* Defendants would

11   have known that there was a serious risk of harm. In fact, it appears that Plaintiff first addressed

12   the need for additional supports in the shower *after* he fell.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

13   678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows

14   the court to draw the reasonable inference that the defendant is liable for the misconduct

15   alleged.").     Thus, there are no facts from which the Court could find that Plaintiff has

16   adequately alleged that any of the named Defendants knew that the conditions in the shower

17   would cause a serious risk to Plaintiff's safety.     Accordingly, the Court finds that Plaintiff has

18   failed to show that any Defendant acted with conscious disregard to a risk to his safety.  *See*

19   *Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a

20   deprivation of a constitutional right by any particular individual, the plaintiff must allege that

21   the individual, in acting or failing to act, was the actual and proximate cause of his injury).

22   ## II.

23   ### CONCLUSION AND ORDER

24   Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

25   Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

26   (1)     Plaintiff's Second Amended Complaint is **DISMISSED** for failing to state a claim

27   and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.  Moreover, because the Court

28   finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.**

1  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend

2  is not an abuse of discretion where further amendment would be futile); *see also Robinson v.*

3  *California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has

4  not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed

5  without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d

6  904, 907 (9th Cir. 1996)).

7        (2)    The Clerk of Court shall close the file.

8        IT IS SO ORDERED.

9

10  DATED:  October 3, 2013

11

12  HON. GONZALO P. CURIEL
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28